Vram **MITOYAN**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 04–70378.

United States Court of Appeals, Ninth Circuit.

Submitted July 10, 2008.[*]

Filed July 11, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Areg Kazaryan, Law Offices of Areg Kazaryan, Glendale, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Marshall Tamor Golding, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, SILVERMAN, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Petitioner Vram Mitoyan petitions for review of a decision of Board of Immigration Appeals dismissing his appeal of an immigration judge's decision denying relief from removal. We have jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252(a) and grant the petition for review in part, and deny it in part.

■ The BIA, contrary to the IJ, found Mitoyan credible, and so we take his testimony as true. The BIA affirmed the IJ's ruling that Mitoyan's asylum application was untimely. We have jurisdiction to review the issue, notwithstanding the jurisdictional bar set forth in 8 U.S.C. § 1158(a)(3), because we are called upon here to apply the law to undisputed facts. *Ramadan v. Gonzales,* 479 F.3d 646, 657 (9th Cir.2007) (en banc). The BIA determined that Mitoyan's reticence to apply for asylum and thus reveal his homosexuality was not an exceptional circumstance that excuses his late filing. Based on the record now before us, we agree. To this extent, the petition for review is denied.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

With respect to withholding of deportation, the BIA found that Mitoyan had suffered past persecution, but could avoid future persecution by relocating to another part of Armenia. The record, however, does not support a finding that relocation would afford protection. The record is silent on the subject and relocation was not addressed by the IJ. As Mitoyan requests, we remand the case to the BIA to allow further development of the record regarding whether the government can rebut the presumption of future persecution either by demonstrating Mitoyan can relocate or otherwise. 8 C.F.R. § 1208.16(b)(1). The BIA should also consider whether Mitoyan qualifies for protection under the Convention Against Torture.

PETITION FOR REVIEW GRANTED IN PART, DENIED IN PART; REMANDED.